UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE DAVID MCCUNE,

    Petitioner,

v.                                 Case No. 8:22-cv-218-CEH-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS, *et al.*,

    Respondents.
_____/

**ORDER**

Willie David McCune, a Florida prisoner, timely filed a *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 13). Respondent filed a response opposing the amended petition. (Doc. 16). McCune filed a reply. (Doc. 18). Upon consideration, the amended petition is **DENIED**.[1]

**I.**    **Background**

In October 2017, McCune was charged with resisting an officer with violence, battery on a law enforcement officer, and grand theft. (Doc. 16-2, Ex. 3). The charges stemmed from McCune's theft of approximately $500 worth of merchandise from a Walmart store in Haines City, Florida. (*Id.*, Ex. 2, at 2). McCune stole the items over a period of three days. (*Id.*) On the last day, law enforcement confronted McCune at

---

[1] Without seeking permission from the Court, McCune filed a second amended petition. (Doc. 21). As explained below, the second amended petition must be stricken as unauthorized, and even if it were properly before the Court, the claims it sets forth would be denied as meritless.

the entrance to the Walmart. (*Id.*) When he saw the officer approach, McCune took off running. (*Id.*) The officer yelled, "Haines City Police[,] stop running," and told McCune he would "get tased." (*Id.*) The officer then deployed his Taser "to no effect." (*Id.*) The pursuit continued inside the Walmart, where McCune tried "to stop [the officer] from chasing him" by knocking down a shopping cart and throwing "various items from the shelves." (*Id.*) The officer eventually grabbed the back of McCune's shirt and shouted, "[S]top resisting." (*Id.*) McCune punched the officer in the "left cheek," but the officer was able to subdue him after a struggle. (*Id.*)

McCune ultimately pled *nolo contendere* to each charged offense. (*Id.*, Ex. 6). He was sentenced to a total of 10 years in prison—specifically, 60 months' imprisonment as a prison releasee reoffender for resisting an officer with violence, a consecutive 60 months' imprisonment for grand theft, and 48 months of probation for battery on a law enforcement officer. (*Id.*, Ex. 9). McCune did not pursue a direct appeal, but he subsequently filed a series of postconviction motions. (*Id.*, Exs. 10, 12, 13, 15, 16, 24, 26; Doc. 16-3, Exs. 33, 41, 43, 52, 59, 64; Doc. 16-4, Exs. 71, 76, 85, 91, 92, 93, 94). Each motion was denied.[2] (Doc. 16-2, Exs. 11, 14, 17, 20, 21, 25, 27; Doc. 16-3, Exs. 34, 44, 53, 60, 65; Doc. 16-4, Exs. 72, 77, 86, 95). McCune appealed only some of the orders denying relief; all his appeals were unsuccessful. (Doc. 16-2, Ex. 31; Doc. 16-3,

---

[2] In its latest order, the postconviction court stated that McCune's "continued filing of successive motions result[ed] in needless distractions for the [c]ourt and an improper use of the [c]ourt's resources." (Doc. 16-4, Ex. 95, at 2).

Exs. 39, 57; Doc. 16-4, Exs. 83, 89). This federal habeas petition followed. (Docs. 1, 13).

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The appellate court affirmed the denial of McCune's postconviction motions without explanation. These decisions warrant deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

### III. Discussion

#### A. Grounds One and Three—Challenges to Grand Theft Conviction

McCune raises two challenges to his conviction for grand theft. First, he argues that his constitutional rights were violated because the charging information allegedly

4

failed to set forth "all the essential elements" of grand theft. (Doc. 13 at 5). According to McCune, the information was "insufficient" because it did not "identify[] or nam[e]" the "property" he allegedly stole. (*Id.* at 10; *see also id.* at 28). Second, McCune contends that his grand theft conviction should be reduced to petit theft because, over a year after his sentencing, the Florida legislature increased the monetary requirements for grand theft. (*Id.* at 14). Both arguments fail.

The Court will start with the alleged deficiency in the charging information. "The sufficiency of [an information] is an issue on federal habeas corpus only if the [information] was so deficient that the convicting court was deprived of jurisdiction." *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989); *see also DeBenedictis v. Wainwright*, 674 F.2d 841, 842 (11th Cir. 1982) (same). An information "is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (11th Cir. 1992). "Those requirements are satisfied by an [information] that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983).

The postconviction court correctly held that "the State's charging of [grand theft] did not deny [McCune] due process . . . such as to render [the information] unconstitutional." (Doc. 16-2, Ex. 17, at 2). The information charged McCune with third-degree grand theft. (*Id.*, Ex. 3, at 1). At the time, that offense contained the following elements: (1) knowingly (2) obtaining or using, or endeavoring to obtain or

5

use, the property of another, (3) with the intent to either temporarily or permanently deprive the person of a right to the property or a benefit from it, or to appropriate the property to the defendant's own use or the use of any other person not entitled to it, and (4) the stolen property was valued at $300 or more. Fla. Stat. §§ 812.014(1), (2)(c) (2017).

The information in McCune's case "track[ed] the wording of the statute" and "set[] forth the essential elements of" grand theft. *Yonn*, 702 F.2d at 1348. It alleged that, "between October 6, 2017 and October 9, 2017," McCune "knowingly obtain[ed] or use[d], or endeavor[ed] to obtain or use merchandise of a value of $300.00 or more, which was the property of Wal-Mart Stores, Inc. [], with the intent to permanently or temporarily deprive Wal-Mart Stores, Inc. [] of the property or benefit therefrom or to appropriate the property to the use of [McCune] or to the use of any person not entitled thereto." (Doc. 16-2, Ex. 3, at 1). In addition, the information cited the relevant statutory provision—Fla. Stat. § 812.014. (*Id.*)

Thus, the information "both provided the citation to the specific statute[] for the offense and used language nearly identical to the statute, which contained all the essential elements of the crime." *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 24 (11th Cir. 2012). As a result, the information "was constitutionally adequate and sufficiently informed [McCune] of the charge" against him. *Id.*

McCune's other challenge to his grand theft conviction fares no better. In June 2018, when McCune was convicted and sentenced, grand theft required proof that the

value of the stolen property was at least $300.[3] Fla. Stat. § 812.014(2)(c)1 (2017). The information followed this statutory requirement, charging McCune with stealing "merchandise of a value of $300.00 or more." (Doc. 16-2, Ex. 3, at 1). Over a year after his conviction, however, the law changed. Effective October 1, 2019, grand theft required proof that the value of the stolen property was at least $750. Fla. Stat. § 812.014(2)(c)1 (2019). "This amendment reduced the penalty for theft between $300 and $749 from a third-degree felony [*i.e.*, grand theft] to a first-degree misdemeanor [*i.e.*, petit theft]." *Dean v. State*, 303 So. 3d 257, 258 (Fla. 5th DCA 2020). McCune contends that the amendment applies retroactively to his grand theft conviction, which should therefore be reduced to petit theft. (Doc. 13 at 14).

This argument fails. The postconviction court acknowledged that, under Florida law, "[a]mendments to sentencing laws that reduce punishment for violation of a criminal statute must be applied retroactively *to cases in which the defendant has not been sentenced*." (Doc. 16-3, Ex. 65, at 1 (emphasis added)). Here, however, "the incident occurred and [McCune] was sentenced before" the amendment "became effective." (*Id.*) Thus, the court held that the amendment "[did] not affect prosecution in this cause and should not be applied retroactively." (*Id.* at 2).

Regardless of whether this decision was correct, McCune is not entitled to relief because the retroactivity of a state statute is a matter of state law. "[S]tate courts are the final arbiters of state law, and federal habeas courts should not second-guess them

---

[3] As noted above, McCune did not pursue a direct appeal.

on such matters." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005). Thus, "a habeas petition grounded on issues of state law provides no basis for habeas relief." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Id.* McCune's request to "retroactively apply an amended version of the grand theft statute" "involves a question of Florida law" that is "not cognizable in this § 2254 [action]." *Hill v. Sec'y, Dep't of Corr.*, No. 8:21-cv-1243-KKM-AAS, 2023 WL 7187498, at *2-3 (M.D. Fla. Nov. 1, 2023); *see also Burleson v. Saffle*, 278 F.3d 1136, 1140 (10th Cir. 2002) ("[W]hether or not a new rule of state law may be applied retroactively is a pure state law question."); *Garvie v. Bennett*, No. 24-cv-371-JLR-SKV, 2024 WL 4093001, at *3 (W.D. Wash. Aug. 8, 2024) ("[T]he issue of whether a state statute should apply retroactively to a state-imposed sentence is a matter of state law and does not provide a basis for federal habeas review."), *adopted by* 2024 WL 4069175 (W.D. Wash. Sept. 5, 2024).

In any event, the postconviction court correctly held that the statutory amendment did not apply retroactively to McCune. Florida law provides that, with exceptions not relevant here, the "amendment of a criminal statute operates prospectively and does not affect or abate" (1) a "violation of the statute based on any act or omission occurring before the effective date of the act," or (2) a "prior punishment incurred or imposed under the statute." Fla. Stat. § 775.022(3)(b). As noted above, McCune committed grand theft in October 2017, he was convicted and

sentenced in June 2018, and the statutory amendment became effective in October 2019. Because McCune's "judgment and sentence were already imposed" before the effective date of the increased monetary requirements, he cannot benefit from the amendment. *Robinson v. State*, 315 So. 3d 1266, 1267 (Fla. 5th DCA 2021).

For all these reasons, McCune's challenges to his grand theft conviction lack merit. Thus, Grounds One and Three are denied.[4]

### B. Ground Two—Challenges to Convictions for Resisting an Officer with Violence and Battery on a Law Enforcement Officer

McCune argues that his constitutional rights were violated because the charging information allegedly failed to state the "essential elements" of resisting an officer with violence and battery on a law enforcement officer. (Doc. 13 at 18-27). According to McCune, the information (1) did not allege the "specific acts of which he was accused," and (2) failed to plead that "the arresting officer was in lawful execution of any duty." (*Id.* at 19-21). McCune further contends that he was improperly sentenced as a prison releasee reoffender ("PRR") for resisting an officer with violence because the prosecution failed to "allege the grounds for [the] enhancement in the charging information." (*Id.* at 22).

---

[4] McCune separately alleges that the information violated Florida Rule of Criminal Procedure 3.140(g). (Doc. 13 at 10-11). Under that provision, "[a]n information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath . . . certifying that he or she has received testimony under oath from the material witness or witnesses for the offense." But "[t]his oath and verification requirement is a creature of state law and not found in the United States Constitution." *Paul v. Sec'y, Fla. Dep't of Corr.*, No. 3:18-cv-1032-MMH-PDB, 2021 WL 2109114, at *7 (M.D. Fla. May 25, 2021). Thus, "whether the charging document[] compl[ied] with this state procedural rule is a matter of state law only, and [] not cognizable in federal habeas proceedings." *Id.* Regardless, the information contained the required certification, (Doc. 16-2, Ex. 3, at 2), and McCune fails to establish that it was deficient.

Even under *de novo* review, these arguments are meritless. As an initial matter, the information adequately alleged the elements of both resisting an officer with violence and battery on a law enforcement officer. For purposes of federal habeas review, "an [information] that tracks the wording of the statute [is sufficient], as long as the language sets forth the essential elements of the crime." *Yonn*, 702 F.2d at 1348. Resisting an officer with violence requires proof that (1) "[t]he defendant knowingly and willfully resisted, obstructed, and/or opposed an officer by offering to do violence or doing violence to the officer"; (2) "[a]t the time the officer was engaged in the execution of legal process or lawful execution of a legal duty"; and (3) "[a]t the time the officer was an officer as defined by statute." *State v. Young*, 936 So. 2d 725, 726 (Fla. 1st DCA 2006); *see also* Fla. Stat. § 843.01(1).

The information in McCune's case "track[ed] the wording of the statute" and "set[] forth the essential elements of" resisting an officer with violence. *Yonn*, 702 F.2d at 1348. It alleged that "on or about October 9, 2017," McCune "knowingly and willfully resist[ed], obstruct[ed], or oppose[d] Emilio Gomez, an officer of the Haines City Police Department, in the execution of a legal process or in the lawful execution of a legal duty, by offering or doing violence to the person of said officer, contrary to [Fla. Stat. §] 843.01." (Doc. 16-2, Ex. 3, at 1). Thus, the information "both provided the citation to the specific statute[] for the offense and used language nearly identical to the statute, which contained all the essential elements of the crime." *Sneed*, 496 F. App'x at 24. This means that the information "was constitutionally adequate" with respect to resisting an officer with violence. *Id.*

10

The information likewise alleged all the elements of battery on a law enforcement officer. That offense requires proof that "(1) the defendant intentionally touched or struck the victim or intentionally caused bodily harm to the victim; (2) the victim was a law enforcement officer; (3) the defendant knew that the victim was a law enforcement officer; and (4) the law enforcement officer was engaged in the lawful performance of his or her duties when the battery was committed." *State v. Granner*, 661 So. 2d 89, 90 (Fla. 5th DCA 1995); *see also* Fla. Stat. §§ 784.03(1)(a), 784.07(2)(b).

Here, the information alleged that "on or about October 9, 2017," McCune "actually and intentionally touch[ed] or str[uck] Emilio Gomez, a law enforcement officer, against the will of [] Gomez, while [] Gomez was engaged in the lawful performance of a duty and while [McCune] knew that [Gomez] was a law enforcement officer, contrary to [Fla. Stat. §] 784.07." (Doc. 16-2, Ex. 3, at 1). Thus, the information was "constitutionally adequate" because it "both provided the citation to the specific statute[] for the offense and used language nearly identical to the statute, which contained all the essential elements of" battery on a law enforcement officer.[5] *Sneed*, 496 F. App'x at 24.

---

[5] McCune appears to contend that the trial court violated his constitutional rights by accepting his plea of *nolo contendere* without "receiv[ing] [on] the record factual information to establish the elements of the" offenses. (Doc. 13 at 25). This argument fails. "[T]he due process clause does not impose a constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of guilty or *nolo contendere* that is not accompanied by a claim of innocence." *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983). McCune did not proclaim his innocence before the court accepted his plea of *nolo contendere*. (Doc. 16-2, Ex. 7). Accordingly, the failure to elicit an on-the-record factual basis for the plea does not entitle McCune to relief.

11

Equally meritless is McCune's challenge to his PRR sentence for resisting an officer with violence. At the outset, whether a petitioner "qualifies for a PRR sentencing enhancement is a question of state law outside of this Court's federal habeas purview." *Thomas v. Sec'y, Fla. Dep't of Corr.*, No. 3:20-cv-896-TJC-MCR, 2023 WL 6161786, at *4 (M.D. Fla. Sept. 21, 2023). But even if the challenge were cognizable, McCune would not be entitled to relief.

The PRR statute "provides for enhanced penalties for defendants who commit certain offenses within three years of release from a state correctional facility." *McDuffey v. State*, 286 So. 3d 364, 366 (Fla. 1st DCA 2019). Florida courts have repeatedly held that resisting an officer with violence "is an offense that qualifies under the PRR statute." *Walker v. State*, 965 So. 2d 1281, 1284 (Fla. 2d DCA 2007); *see also Rawlings v. State*, 976 So. 2d 1179, 1181 (Fla. 5th DCA 2008) ("[T]he trial court did not err in sentencing [defendant] as a PRR for resisting an officer with violence because violence is a necessary element of the offense."). Here, the information charged McCune with resisting an officer with violence, and he stipulated that he qualified as a PRR at the sentencing hearing. (Doc. 16-2, Ex. 3, at 1; Doc. 16-2, Ex. 7, at 13). That stipulation forecloses his challenge to the enhancement.[6] *See Faulkner v. Jones*, No. 3:14-cv-373-MCR-CJK, 2016 WL 5019198, at *12 (N.D. Fla. May 24, 2016) (petitioner's "stipulation" that "he qualified for sentencing as a PRR" "render[ed]

---

[6] McCune does not cite—and this Court cannot locate—any authority for the proposition that a PRR enhancement for resisting an officer with violence is unlawful unless the information "allege[s] or specif[ies] all specific acts of violence or bodily harm or striking." (Doc. 13 at 22).

meritless" his challenge to the enhancement), *adopted by* 2016 WL 5024200 (N.D. Fla. Sept. 16, 2016); *see also Haney v. State*, 321 So. 3d 949, 949 (Fla. 2d DCA 2021) (court may "impose a PRR sentence if the State provides sufficient documentation to prove, or [defendant] stipulates, that he qualifies as a PRR").

### C. Second Amended Petition

Several months after the amended petition became ripe, McCune filed a second amended petition. (Doc. 21). That filing was procedurally improper because McCune neither sought leave to amend nor received Respondent's written consent to amend. *See* Fed. R. Civ. P. 15(a)(2); Rules Governing § 2254 Cases, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *Rodriguez v. Att'y Gen., Fla.*, 813 F. App'x 426, 429 (11th Cir. 2020) (applying Rule 15(a)(2) to petitioner's request to amend federal habeas petition). Accordingly, the second amended petition is stricken as unauthorized. *See Wright v. Sec'y, Dep't of Corr.*, No. 8:21-cv-2741-TPB-SPF, 2024 WL 4226800, at *1 n.1 (M.D. Fla. Sept. 18, 2024) (striking as unauthorized "amended petition" filed in violation of Rule 15(a)(2)).

Even if the second amended petition were properly before the Court, McCune would not be entitled to relief because the claims in that filing are meritless. First, McCune contends that his dual convictions for resisting an officer with violence and battery on a law enforcement officer violated the prohibition on double jeopardy. (Doc. 21 at 15). McCune is mistaken.

13

The Double Jeopardy Clause bars "multiple punishments for the same offense." *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The prohibition on double jeopardy is a matter of federal constitutional law. *See Missouri v. Hunter*, 459 U.S. 359, 368 (1983) ("[W]e are not bound by the Missouri Supreme Court's legal conclusion that these two statutes violate the Double Jeopardy Clause."). But, in applying the Double Jeopardy Clause, this Court is bound by the Florida Supreme Court's "construction of that State's statutes," including its determination of whether certain criminal offenses have the same elements. *Id.*; *see also Tarpley v. Dugger*, 841 F.2d 359, 364 (11th Cir. 1988) ("In th[e] [double-jeopardy] context, we are bound to accept the Florida court's construction of that State's statutes.").

The Florida Supreme Court has held that, under Florida law, resisting an officer with violence and battery on a law enforcement officer "are separate offenses." *State v. Henriquez*, 485 So. 2d 414, 415 (Fla. 1986); *accord State v. Carpenter*, 417 So. 2d 986, 988 (Fla. 1982) ("While resisting arrest with violence and battery on a law enforcement officer are similar offenses, and while they usually happen in conjunction with one another, one does not necessarily involve the other."). As the *Henriquez* court explained, "one could obstruct or oppose a law enforcement officer by threatening violence and still at the same time not be committing a battery on the law enforcement

14

officer." 485 So. 2d at 415. Likewise, "the placement of an unwanted hand on an officer's arm qualifies as a battery, although no resistance or obstruction occurs." *Id.* Thus, *Henriquez* held that because the two offenses were "separate and distinct, the intent of the legislature clearly [was] to provide for separate convictions and punishments." *Id.* at 415-16.

That determination binds this Court. *See Deloach v. Wainwright*, 777 F.2d 1524, 1525 (11th Cir. 1985) (noting that, for double-jeopardy purposes, federal courts are "bound by the Supreme Court of Florida's interpretation of its legislative enactments"). And because the Court is bound to accept that the two offenses do not contain the same elements, it necessarily follows that no double-jeopardy violation occurred in this case. *See McKinney v. Jones*, No. 4:14-cv-238-MW-CAS, 2017 WL 562422, at *15 (N.D. Fla. Jan. 9, 2017) ("In deciding if a double jeopardy violation has occurred, the federal courts must accept Florida courts' interpretation of the state's own statutes."), *adopted by* 2017 WL 706617 (N.D. Fla. Feb. 21, 2017).

Second, McCune argues that he was sentenced in violation of Marsy's Law, a Florida constitutional amendment that "enumerates certain rights of crime victims." *City of Tallahassee v. Fla. Police Benevolent Ass'n, Inc.*, 375 So. 3d 178, 181 (Fla. 2023). He contends that the prosecution violated the "bill of rights for crime victims" by failing to "consider the views of the victim"—that is, the arresting officer—"in deciding whether to seek PRR sentencing." (Doc. 21 at 23). This claim is not cognizable on federal habeas review because it rests on an alleged violation of state law. *See Branan*, 861 F.2d at 1508 ("[A] habeas petition grounded on issues of state law

15

provides no basis for habeas relief."); *Mullins v. Birkett*, No. 2:09-cv-12515, 2010 WL 764386, at *2 (E.D. Mich. Mar. 4, 2010) ("Petitioner's claim that the sentencing court violated the Michigan Crime Victim Rights Act by allowing a non-victim to testify at his sentencing hearing is non-cognizable on federal habeas review, because the claim involves an alleged error of state law.").

Third, McCune contends that (1) the arresting officer violated the Fourth Amendment by tasing him "without establishing probable cause for arrest or detainment," and (2) the prosecution failed to present sufficient evidence that he committed the charged offenses. (Doc. 21 at 24-31). McCune waived both these claims by pleading *nolo contendere*.[7] *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (a criminal defendant may not, after admitting guilt, "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); *Chandler v. United States*, 413 F.2d 1018, 1019 (5th Cir. 1969) (petitioner's claim that he was arrested without probable cause was waived by guilty plea); *United States v. Ruiz*, 811 F. App'x 540, 543 (11th Cir. 2020) ("[Defendant's] guilty plea [] means he has waived his arguments that the government proffered insufficient evidence to support his conviction.").

---

[7] For federal habeas purposes, a *nolo contendere* plea is treated the same as a guilty plea. *See Florida v. Royer*, 460 U.S. 491, 495 n.5 (1983) (under Florida law, "a plea of *nolo contendere* is equivalent to a plea of guilty").

In short, even under *de novo* review, the claims in the second amended petition lack merit. Thus, even if that petition had been properly filed, McCune would not be entitled to relief.[8]

It is therefore **ORDERED** that McCune's amended petition (Doc. 13) is **DENIED**, and his second amended petition (Doc. 21) is **STRICKEN as unauthorized**. Respondent's request (Doc. 16 at 1-2) to dismiss the Attorney General of Florida as a respondent is **GRANTED**.[9] The **CLERK** is directed to enter judgment against McCune and to **CLOSE** this case.

## Certificate of Appealability and Leave to Appeal *In Forma Pauperis* Denied

It is further **ORDERED** that McCune is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a certificate of appealability must first issue. *Id*. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To obtain a certificate of appealability, McCune must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v.*

---

[8] To the extent that the second amended petition reasserts claims raised in the amended petition, those claims are meritless for the reasons explained above.

[9] When prisoners challenge their physical confinement, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

*McDaniel*, 529 U.S. 473, 484 (2000). McCune has not made the requisite showing. Finally, because McCune is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on December 12, 2024.

Charlene Edwards Honeywell
United States District Judge